IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO._____ |
| | ) | |
| **DAVID P. MATTHEWS, DAVID P. MATTHEWS P.C., JULIE L. RHOADES, AND LIZY SANTIAGO,** | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Colony Insurance Company, by and through its attorneys, Meckler Bulger Tilson Marick & Pearson, LLP, and files this Complaint for Declaratory Judgment against David P. Matthews, David P. Matthews P.C., Julie L. Rhoades, and Lizy Santiago (collectively referred to as "Defendants") and alleges and avers as follows:

## I.
## PRELIMINARY STATEMENT

1. This is an action for declaratory judgment. Plaintiff, Colony Insurance Company ("Colony") seeks a declaratory judgment that the claims asserted against Defendants, David P. Matthews, David P. Matthews P.C., Julie L. Rhoades, and Lizy Santiago by Craig Pingle and Louis J. Yoppolo in the lawsuit styled *Craig Pingle, et. al. v. Abraham Watkins Nichols Agosto & Friend, et al*; Cause No. 2010-01666 in the 152nd District Court, Harris County Texas (hereinafter, the "Underlying Lawsuit") do not trigger Colony's duty to defend or indemnify under the insurance policy issued by Colony to Matthews & Associates.

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT Page 1**

## II.
## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims set forth below by virtue of diversity jurisdiction as set out in 28 U.S.C. § 1332. There is complete diversity among the parties and the amount in controversy exceeds $75,000.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1)&(2) because one or more of Defendants reside within this district and all Defendants are residents of Texas and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## III.
## PARTIES

4. Colony Insurance Company is a Virginia corporation with its principal place of business in Virginia.

5. Defendant David P. Matthews ("Matthews") is an attorney licensed to practice law in the State of Texas and a citizen of Texas and may be served with process at his principal place of business, 2905 Sackett Street, Houston, Texas, 77098.

6. Defendant David P. Matthews P.C. is a law firm and Texas Professional Corporation with its principal place of business in Texas. David P. Matthews P.C. may be served with process by serving its registered agent David P. Matthews at his principal place of business, 2905 Sackett Street, Houston, Texas, 77098.

7. Defendant Julie L. Rhoades ("Rhoades") is an attorney licensed to practice law in the State of Texas and a citizen of Texas and may be served with process at her principal place of business, 2905 Sackett Street, Houston, Texas, 77098.

8.   Defendant Lizy Santiago ("Santiago") is an attorney licensed to practice law in the State of Texas and a citizen of Texas and may be served with process at her principal place of business, 2905 Sackett Street, Houston, Texas, 77098.

## IV.
## FACTUAL BACKGROUND

**The Colony Insurance Policy**

9.   Colony issued Lawyers Professional Liability Policy number EO404552 (the "Policy") to Matthews & Associates ("Matthews"), as named insured, for the policy period February 26, 2009 to February 26, 2010. The Policy provides coverage on a claims-made basis with a retroactive date of February 26, 2007.

10.   The Policy Insuring Agreement states as follows:

SECTION I - COVERAGES

    1.   Insuring Agreement

        a.   We will pay, in excess of the Deductible shown in the Declarations, those sums any insured becomes legally obligated to pay as "damages" because of an act, error or omission arising out of your "legal services" rendered or that should have been rendered. We will have the right and duty to defend any insured against a "claim" seeking those "damages." However, we will have no duty to defend any insured against any "claim" seeking "damages" for "legal services" to which this insurance does not apply. . .

11.   In addition, the Policy contains an endorsement adding the following exclusion:

This Policy does not apply to any "claim":

Based upon, arising out of, attributable to, or directly or indirectly resulting from the Insured's representation of one or more Plaintiffs in any multi-plaintiff or collective action or class action lawsuit, whether or not the class has been formally certified by any Court. This exclusion shall preclude coverage for the entirety of the "claim" and the company shall have no duty to defend the Insured against such "claim" even if other,

covered allegations are simultaneously made, or added to the "claim" at a later date.

12. A true and correct copy of the Policy is attached hereto as Exhibit No. 1 and incorporated herein by reference.

**The Underlying Lawsuit**

13. On or about January 11, 2010, Craig Pingle ("Pingle") filed a legal malpractice lawsuit (the "Underlying Lawsuit") against Defendants David P. Matthews, David P. Matthews P.C., and Julie L. Rhoades, as well as other attorneys and law firms. The Underlying Lawsuit is filed in the 152nd District Court, Harris County, Texas. On or about June 17, 2010, Pingle filed his Fourth Amended Petition in the Underlying Lawsuit, adding Defendant Lizy Santiago as a party defendant.

14. True and correct copies of the Original Petition and subsequent Amended Petitions filed in the Underlying Lawsuit are attached hereto as Exhibit Nos. 2 - 7 and incorporated herein by reference.

15. The Underlying Lawsuit alleges facts relating to a prior lawsuit brought by Craig Pingle. According to the Underlying Lawsuit, Pingle took Vioxx from 1999 through 2003 and as a result, had a severe heart attack in January of 2002.

16. According to the Underlying Lawsuit, Pingle searched for an attorney to bring a products liability action against the manufacturer of Vioxx and in September 2005, entered into a Power of Attorney Agreement with Abraham, Watkins, Nichols, Sorrels, Agosto & Friend (the "Abraham Firm"). In the Underlying Lawsuit, Pingle alleges that Matthews worked on Pingle's case as a partner at the Abraham Firm and subsequently left the Abraham Firm to start his own firm, taking Pingle's case with him.

17. The Fifth Amended Petition further alleges that Rhoades and Santiago assisted Matthews in litigating Pingle's case.

18. Mr. Pingle's case, as alleged in the Underlying Lawsuit, was a products liability lawsuit filed in the United States District Court for the Eastern District of Louisiana, in which Pingle was one of over 100 plaintiffs. The first named plaintiff was Karen A. Montalto. A true and correct copy of the <u>Montalto</u> Complaint in which Pingle is a named plaintiff is attached hereto as Exhibit 8 and incorporated by reference.

19. The Original Petition in the Underlying Lawsuit alleged that the underlying defendants advised Pingle to enter into a "Settlement Program" with Merck in which claimants were awarded points by a Claim Administrator based on various factors including the amount of time that they took Vioxx and the nature of their injury. The number of points awarded by the Claim Administrator would determine the amount of the settlement. Pingle further alleged that he provided the required medical information to his attorneys, however they allegedly inaccurately represented to the Claim Administrator that Pingle began taking Vioxx on January 8, 2002, and based on this inaccurate information, the Claim Administrator awarded Pingle 53.10 points, which resulted in a settlement amount of approximately $100,000. In the Underlying Lawsuit, Pingle contends that had the correct information been provided to the Claim Administrator, he would have been awarded 218 points and received a settlement of more than $436,000.

20. Pingle has amended his pleadings in the Underlying Lawsuit five times. In the most recent pleading in the Underlying Lawsuit, the Fifth Amended Petition, Pingle attempts to trigger coverage under the Colony policy by adding an allegation that:

Plaintiffs' claims and causes of action do not arise out of, are not attributable to, directly or indirectly resulting from Defendants' representation of Plaintiffs in a multi-plaintiff or collective action or class action lawsuit. Rather, Plaintiffs bring this claim and cause of action against Defendants due to their individual representation of Plaintiff in failing to provide proper advice in regards to the appeal of Plaintiffs individual Underlying Case. Stated differently, these claims relate to Defendants' representations of Mr. Pingle solely in the context of prosecuting Mr. Pingle's singular point award before the Claims Administrator, which required submission of Mr. Pingle's personal medical records and a unique and separate point award for Mr. Pingle.

21. In fact, Pingle was one of a number of plaintiffs in a lawsuit filed against Merck in the U.S. District Court for the Eastern District of Louisiana. The Complaint filed by Matthews on September 29, 2006, while with the Abraham Firm, and subsequently litigated by Matthews after leaving the Abraham Firm, included Pingle as one of over 100 plaintiffs and was one of thousands of cases handled by the court as part of a consolidated multi-district litigation proceeding.

22. As alleged in the Underlying Lawsuit the representation of Pingle before the Claims Administrator was part of a "Settlement Program" in the Montalto case in which Pingle was one of many named plaintiffs.

23. The Defendants have demanded that Colony provide a defense in the Underlying Lawsuit under the policy issued to Matthews and Associates.

24. Colony has denied a defense.

## V.
## CAUSES OF ACTION

### CLAIM FOR DECLARATORY JUDGMENT

25. Paragraphs 1-24 are incorporated herein by reference.

26. An actual and justiciable controversy exists between Colony and Defendants regarding coverage for the Underlying Lawsuit under the Policy. This controversy is definite

and concrete, real and substantial, and is subject to specific relief through a decree of a conclusive character. Thus, Colony requests that the Court declare the rights and other legal relations among Colony and Defendants, who have a legal interest in the subject of this controversy. 28 U.S.C. § 2201, et. seq.

27.  In light of this controversy, Colony seeks a declaration from this Court that it has no duty under the Policy to defend or indemnify Defendants for any of the claims asserted in the Underlying Lawsuit.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court enter a judgment in favor of Colony as follows:

(1)  a judgment declaring the rights and obligations of Colony under the Policy with regard to the claims asserted in the Underlying Lawsuit,

(2)  a judgment declaring that there is no coverage under the Policy for the claims asserted in the Underlying Lawsuit,

(3)  a judgment declaring that Colony has no duty to defend and no duty to indemnify Defendants, or anyone else for the claims asserted in the Underlying Lawsuit,

(4)  a judgment declaring that Colony has no duty to pay any judgment or settlement arising out of the Underlying Lawsuit,

(5)  a judgment declaring that Colony has no obligation to reimburse Defendants for any attorneys fees or expenses incurred in the defense of the Underlying Lawsuit, and

(6)  such other and further relief to which Colony may show itself justly entitled at law or in equity.

Respectfully submitted,

 /s/ Robert L. Berry
Robert D. Allen
State Bar No. 01051315
Southern District Bar No. 7609
bob.allen@mbtlaw.com

Robert L. Berry
State Bar No. 24027145
Southern District Bar No. 29480
robert.berry@mbtlaw.com

MECKLER BULGER TILSON
MARICK & PEARSON LLP
10,000 N. Central Expressway, Suite 1450
Dallas, TX 75231
(214) 265-6200
(214) 265-6226 (Fax)

**ATTORNEYS FOR PLAINTIFF
COLONY INSURANCE COMPANY**