Filed 11 January 31 P1:3
Chris Daniel - District Cle
Harris County
ED101J016157329
By: melanie flores

CAUSE NO. 2010-01666

| | | |
|---|---|---|
| CRAIG PINGLE, individually, and<br>LOUIS J. YOPPOLO AS TRUSTEE<br>FOR THE BANKRUPT ESTATE<br>OF CRAIG AND CHERLYNN PINGLE<br>Plaintiffs,<br><br>V.<br><br>ABRAHAM, WATKINS, NICHOLS, AGOSTO<br>& FRIEND, f/k/a ABRAHAM, WATKINS,<br>NICHOLS, SORRELS, MATTHEWS &<br>FRIEND; DAVID P. MATTHEWS,<br>Individually; DAVID P. MATTHEWS, P.C.,<br>JULIE L. RHOADES, individually; JIM S.<br>ADLER, individually, JIM S. ADLER P.C.,<br>Defendants | § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br><br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br><br><br>152nd JUDICIAL DISTRICT |

## PLAINTIFFS' FIFTH AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, Craig Pingle, individually, and Louis J. Yoppolo, Trustee for the Bankrupt Estate of Craig and Cherlynn Pingle, complaining of Defendants Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, f/k/a Abraham, Watkins, Nichols, Sorrels, Matthews & Friend; David P. Matthews, individually, David P. Matthews P.C., Julie L. Rhoades, individually, Jim S. Adler, individually, Jim S. Adler P.C., Robert W. Goldwater, III, individually, The Goldwater Law Firm, P.C., and Lizy Santiago, individually and would respectfully show as follows:

## I
## DISCOVERY CONTROL PLAN

Based upon this Petition, this case should be controlled by discovery control plan Level 2 pursuant to the TEXAS RULES OF CIVIL PROCEDURE, Rule 190.3.



EXHIBIT 7

---

PLAINTIFFS' FIFTH AMENDED PETITION                                                         PAGE 1 OF 9

# II
## PARTIES

Plaintiff, Craig Pingle is an individual residing in Hancock County, Ohio.

Plaintiff, Louis J. Yoppolo, Trustee for the Bankrupt Estate of Craig and Cherlynn Pingle is an individual residing in Ohio.

Defendant, Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, formally known as Abraham, Watkins, Nichols, Sorrels, Matthews & Friend is a law firm in the State of Texas and has answered herein.

Defendant, David P. Matthews, is an attorney licensed to practice law in the State of Texas and has answered herein.

Defendant, David P. Matthews P.C. is law firm and Professional Corporation and has answered herein.

Defendant, Julie L. Rhoades, is an attorney licensed to practice law in the State of Texas and has answered herein.

Defendant, Jim S. Adler, is an attorney licensed to practice law in the State of Texas and has answered herein.

Defendant, Jim S. Adler P.C. is law firm and Professional Corporation and has answered herein.

Defendant, Robert W. Goldwater, III, is an attorney licensed to practice law in the State of Arizona and has answered herein.

Defendant, Goldwater Law Firm P.C., a foreign corporation organized and existing under the laws of the State of Arizona and has answered herein.

Defendant, Lizy Santiago is an attorney licensed to practice law in the State of Texas and has answered herein.

## III
## JURISDICTION AND VENUE

This Court has personal jurisdiction over each Defendant because the acts and omissions complained of herein occurred in Texas, each Defendant does business in the State of Texas, has committed a tort, in whole or in part in Texas, is a resident and citizen of Texas, has minimum contacts with the State of Texas, and/or purposefully availed themselves of the privilege of conducting activities in Texas. Specifically, with regard to Defendant Robert W. Goldwater, III, and the Goldwater Law Firm, P.C., this Court has jurisdiction these defendants because they engaged in business in Texas and this lawsuit arises out of these defendants' business in Texas.

This Court has subject matter jurisdiction over the controversy because the claims asserted in this Petition arose, in whole or in part, in Harris County, Texas and the amount in controversy exceeds the minimal jurisdictional limits of the court.

Venue is properly laid in the Harris County, Texas because the majority of the Defendants reside and/or have principle offices in Harris County, Texas and Harris County, Texas is where all or a substantial part of Plaintiff's cause of action arose. *See* TEXAS CIVIL PRACTICE AND REMEDIES CODE, § 15.002(a). Because venue in Harris County, Texas is proper for at least one of the Defendants, venue in Harris County, Texas is proper for all Defendants in this case. *See* TEXAS CIVIL PRACTICE AND REMEDIES CODE, § 15.005.

## IV
## FACTS

This is a legal malpractice case arising out of Defendants representation of Plaintiff, Craig Pingle ("Mr. Pingle") Mr. Pingle began taking Vioxx as early as August of 1999. Mr. Pingle was consistently and continuously prescribed Vioxx from 1999 to 2004. As a result of taking Vioxx, Mr. Pingle suffered a severe heart attack and was hospitalized for approximately

three days on or about January 8, 2002 wherein stents were placed in Mr. Pingle's arteries. In September of 2004, Merck, the manufacturer of Vioxx, recalled the drug after a study found that it doubled the risk of heart attacks and strokes. Subsequently, Mr. Pingle, realizing that his injuries and heart attack stemmed from his use of Vioxx, began searching for an attorney to bring his products liability case against the manufacturers of Vioxx.

Accordingly, on or about September 5, 2005, Mr. Pingle entered into a Power of Attorney agreement with Defendants Abraham, Watkins, Nichols, Sorrels, Matthews & Friend, now known as Abraham, Watkins, Nichols, Sorrels, Agosto & Friend ("AW"), Jim S. Adler P.C. ("Adler"), and the Goldwater Law Firm, P.C. ("Goldwater") to pursue his claims arising out of his use of Vioxx. David P. Matthews ("Matthews"), a partner of AW, worked with Adler and Goldwater on Mr. Pingle's case. Subsequently, and during the course of pursuing Mr. Pingle's claims against Vioxx, Matthews left AW and formed David P. Matthews P.C. ("Matthews P.C."). Upon his departure from AW, Matthews took Mr. Pingle's case with him to his new firm. Julie L. Rhoades and Lizy Santiago, attorneys at Matthews P.C., also assisted Matthews, Adler and Goldwater in litigating Mr. Pingle's case.

Subsequently Merck settled with Mr. Pingle. As a result of the settlement, Mr. Pingle needed to submit his personal medical documentation to prove he had taken vioxx and suffered individual injuries. Thus, on or about January 22, 2008, Defendants, on behalf of Mr. Pingle submitted the unique documentation pertaining to Mr. Pingle to the Claims Administrator. Relying on the information presented by Defendants, the Claims Administrator determined the number of points to be awarded to Mr. Pingle. However, Mr. Pingle was awarded points based upon an inaccurate start date. The start date used for Mr. Pingle was January 8, 2002, the same day as his heart attack instead of his true start date. Based on this erroneous start date, the Claims

Administrator awarded Mr. Pingle approximately 54.10 points. A Notice of Points Award reflecting this figure was sent to Defendants on or about March 27, 2009. After receiving the Notice of Points Award, Defendants contacted Plaintiff via telephone and informed him of the number of points awarded and advised him that he should accept the award. Relying on Defendants' advice, Mr. Pingle agreed to accept the point award without an appeal.

Roughly three weeks later Defendants sent Mr. Pingle a letter confirming his decision to accept the point award and attached the Notice of Points Award with the letter. Based on his award of 54.10 points Mr. Pingle obtained a gross settlement of approximately $100,000. However, after reviewing the Notice of Point Award, Mr. Pingle discovered that the start date, the date indicated for his first use of Vioxx was listed as January 8, 2002, the date of his heart attack. In fact, Mr. Pingle's actual first confirmed Vioxx use was more than three years prior in August of 1999 as indicated on various medical records obtained by Defendants. This error significantly affected the number of points awarded to Mr. Pingle as the duration that a claimant had used the drug was a considerable factor in determining the number of points being awarded.

Because the point award of 54.10 was erroneous, Defendants should have advised Mr. Pingle to appeal the point award. Had Defendants properly advised Mr. Pingle to appeal the individual award, he would have agreed and followed the advice of his counsel. Had the award been appealed, the error would have been resolved and Mr. Pingle would have been awarded approximately 218 points and been awarded a settlement totaling over $436,000. Defendants' erroneous advice proximately caused Mr. Pingle damages for which he sues herein.

Each individual lawyer that worked on Plaintiffs' case and the law firms that are vicariously liable for the individual lawyers had a responsibility and a duty of care to see that Plaintiffs' case was properly and diligently handled. Moreover, the law firm defendants are

contractually responsible to Mr. Pingle pursuant to the signed contract between the parties. Defendants' breach of duty of care in failing to advise Mr. Pingle to not accept the individual point award and instead appeal the award was the proximate cause for Plaintiffs' damages requested in this lawsuit. Plaintiffs' claims and causes of action do not arise out of, are not attributable to, directly or indirectly resulting from Defendants representation of Plaintiffs in a multi-plaintiff or collective action or class action lawsuit. Rather, Plaintiffs bring this claim and cause of action against Defendants due to their individual representation of Plaintiffs in failing to provide proper advice in regards to the appeal of Plaintiffs individual Underlying Case. Stated differently, these claims relate to Defendants' representations of Mr. Pingle solely in the context of prosecuting Mr. Pingle's singular point award claim before the Claims Administrator, which required submission of Mr. Pingle's personal medical records and a unique and separate point award for Mr. Pingle.

## STATEMENT OF CLAIMS

Therefore, it has become necessary to bring this suit to collect a legal debt of money damages owing to Plaintiffs due to the Defendants' actions. The Defendants' actions constitute negligence and breach of fiduciary duty.

### A. NEGLIGENCE

The following errors and/or omissions by Defendants in the underlying representation constitutes negligence:

1. Failure to provide accurate advice.

2. Failure to ensure the accuracy of Plaintiffs' point award.

3. Failure to ensure that Plaintiffs obtained the most settlement for which they were entitled.

4. Failure to diligently represent Plaintiffs.

5. Failure to preserve Plaintiffs' claims, rights and defenses.

6. Failure to protect Plaintiffs' interests.

Of course, nothing Plaintiffs did, or failed to do, caused or in any way contributed to cause the occurrences that resulted in losses and damages to Plaintiffs. On the contrary, the Defendants fell below the standard of care for attorneys practicing law in Texas, and thus, Defendants' conduct was a proximate and/or producing cause of Plaintiffs' losses and damages.

D. **BREACH OF FIDUCIARY DUTY**

An attorney client relationship existed between Plaintiffs and Defendants. Thus, Defendants owed Plaintiffs a fiduciary duty as a matter of law, that is, a duty to act with loyalty and utmost good faith, to act with perfect candor, to act with integrity of the strictest kind, to fair and honest dealing, to give full disclosure and to act without concealment or deception no matter how slight. Defendants breached this fiduciary duty by failing to provide Plaintiffs an accounting itemizing the expenses and/or providing proof of said expenses when requested. What is even more egregious is that Defendants intentionally, and with their own interest in mind, withheld Plaintiffs' funds to cover expenses without providing proof to Plaintiffs that the said expenses actually exist. These above acts constitute a breach of duty to Plaintiffs by Defendants which resulted in legal damages to Plaintiff and/or a benefit to Defendants, for which Plaintiffs now sue.

V
**DAMAGES**

A. **ACTUAL DAMAGES**

Regarding the causes of action and conduct alleged above, Plaintiffs sustained pecuniary losses that were proximately caused by Defendants' conduct. Plaintiffs' damages exceed the

minimum jurisdictional limits of this Court and Plaintiffs seek an award of actual damages not to exceed $500,000.

B. **EXEMPLARY DAMAGES**

Plaintiffs herein seek exemplary damages allowed by law. Specifically, Defendants intentionally breached their fiduciary duty to Plaintiffs by gaining additional and unwarranted benefits by charging Plaintiffs with un-itemized expenses.

## VI
## JURY DEMAND

Plaintiffs desire to have a jury decide this case and make this formal request pursuant to Rule 216 of the Texas Rules of Civil Procedure.

## VII
## PRAYER

WHEREFORE, Plaintiff prays that after trial or hearing herein, that judgment be entered jointly and severally as prayed for, including costs of court, pre and post judgment interest at the highest legal rate, and for such other and further relief, at law and in equity, to which Plaintiff may show himself to be justly entitled, to which the Court believes him to be deserving, and for which Plaintiff will ever pray.

Respectfully submitted,

**LANCE CHRISTOPHER KASSAB, P.C.**

By: /s/ Lance Kassab
LANCE CHRISTOPHER KASSAB
SBN: 00794070
1420 Alabama
Houston, Texas 77004
(713) 522-7400 (PHONE)
(713) 522-7410 (FAX)
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to Defendants pursuant to the Texas Rules of Civil Procedure on this the 31st day of January, 2010.

_____
LANCE CHRISTOPHER KASSAB